**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10274 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00361-RMW-1 |
| v. | |
| GARY JAMES ROLLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted November 18, 2014
San Francisco, California

Before: REINHARDT, THOMAS, and CHRISTEN, Circuit Judges.

Gary Roller appeals his conviction for possession of child pornography

under 18 U.S.C. § 2252(a)(4)(B) (2006). We affirm.

Roller's first argument on appeal is that the warrant that authorized the

search and seizure of his computer equipment was not supported by probable cause

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and that the evidence seized pursuant to that warrant should therefore be suppressed.

The affidavit that supported the warrant application provided evidence that Roller had purchased access to multiple websites distributing child pornography in 2002, 2003, 2006 and 2007. This is sufficient to establish probable cause. *See United States v. Gourde*, 440 F.3d 1065, 1071 (9th Cir. 2006) (en banc) (holding that evidence that someone "paid for access for two months to a website that actually purveyed child pornography" was sufficient to establish probable cause). Even assuming, as Roller argues, that the evidence about the 2002 and 2003 subscriptions had become stale by the time of the affidavit in 2007, the evidence about Roller's subscriptions in 2006 and 2007 was sufficient to establish probable cause under *Gourde*. *See id*. at 1067–69, 1071 (concluding that warrant was supported by probable cause where defendant subscribed to one child pornography website for two months, ending four months before police obtained a search warrant).

Roller next argues that the affidavit intentionally or recklessly omitted exculpatory information because it did not mention that ICE agents had already interviewed Roller in 2004 in connection with his 2002 and 2003 subscriptions, and those agents decided, after the interview, to close the case because there was

not enough evidence to charge Roller. Roller argues that the district court erred by not granting him a hearing in which to challenge the validity of the affidavit on that basis under *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978) (a "*Franks* hearing").

A defendant is entitled to a *Franks* hearing if he "makes a 'substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information.'" *United States v. Martinez-Garcia*, 397 F.3d 1205, 1215 (9th Cir. 2005) (quoting *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000)).  There is no reason to believe that the fact that the agents had already interviewed Roller in 2004 and decided to close the investigation would negate the probable cause supplied by Roller's subscriptions to child pornography websites in 2006 and 2007. The district court thus correctly denied Roller a *Franks* hearing because Roller made no "substantial preliminary showing" that a corrected affidavit would not support a finding of probable cause. *See Cameron v. Craig,* 713 F.3d 1012, 1019 (9th Cir. 2013) (finding no *Franks* violation because "[e]ven if the omitted material had been included, the warrant would still be supported by probable cause").

3

Roller finally argues that there was insufficient evidence to support the interstate nexus requirement in 18 U.S.C. § 2252(a)(4)(B) (2006).[1] As relevant here, at the time of Roller's offense, to support a conviction under 18 U.S.C. § 2252(a)(4)(B) the visual depictions of child pornography must have been "produced using materials" which have been "mailed, or ha[ve] been shipped or transported in interstate or foreign commerce." It was stipulated at trial that Roller's zip disk containing child pornography (which was found in Roller's home in Castroville, California) had been manufactured outside the state of California. Under our precedents, this is sufficient to prove that the visual depictions in that disk were "produced using materials" which have traveled in interstate commerce. *See United States v. Lacy*, 119 F.3d 742, 750 (9th Cir. 1997) (holding that the interstate nexus requirement in 18 U.S.C. § 2252(a)(4)(B) was satisfied where the government offered undisputed evidence that the computer equipment onto which defendant had downloaded child pornography had traveled in interstate commerce); *see also United States v. Guagliardo*, 278 F.3d 868, 870–71 & n.2 (9th Cir. 2002) (per curiam) (holding that the similarly worded interstate nexus requirement in 18 U.S.C. § 2252A(a)(5)(B) (1996) was satisfied because the

_____

[1] Roller was convicted under the version of 18 U.S.C. § 2252 in effect between July 27, 2006 and October 7, 2008.

4

defendant possessed "three computer disks containing pornographic images of preadolescent girls," and he conceded that "his disks must have been produced" outside the state). Thus, Roller's argument is foreclosed.

Accordingly, the judgment of the district court is AFFIRMED.